IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DARREL BURDITT** | § | |
| | § | |
| v. | § | A-10 CA-444 SS |
| | § | |
| **CITY OF AUSTIN MUNICIPAL** | § | |
| **COURT, et al.** | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Darrel Burditt's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1). By standing order, the application has been referred to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of this Court.

## I.  BACKGROUND

On June 22, 2010, Mr. Burditt filed his application to proceed *in forma pauperis*, and attached to the application are a number of documents, including "Petitioners' Notice of Removal of Cases from State Court to Federal District Court" and "Petitioners' Motion for Preliminary Injunction and Declaratory Relief." From what Mr. Burditt states in the materials attached to his application, it appears that Mr. Burditt wishes to (1) remove a case related to a traffic violation from the City of Austin Municipal Court; and (2) have the Court issue an injunction against the enforcement of traffic citations Burditt received because enforcement would violate his constitutional rights, the "federal criminal conspiracy statute," and its companion statute in the Texas Penal Code.

## II.  APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After considering Mr. Burditt's financial affidavit the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Mr. Burditt *in forma pauperis* status. However, before the Court orders that his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1), and orders the Clerk to issue summons in this case, the Court must perform a frivolousness review.

## III. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Mr. Burditt has been granted leave to proceed *in forma pauperis*, the Court is required to review the case under 28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ."  "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). After reviewing the materials submitted by Mr. Burditt, the undersigned finds that the action should be dismissed as frivolous.

As noted above, Mr. Burditt indicates in his application that he wants to both remove a case currently pending in municipal court related to a traffic violation and to have the court enjoin enforcement of the traffic citations in municipal court.

In regard to removal, the question is whether it is "patently obvious" that removal is improper such that Mr. Burditt's case before this Court should be dismissed. Federal courts are courts of limited jurisdiction, which can hear cases only where empowered to do so by the Constitution or by

act of Congress. 13 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PRACTICE § 3522. Under federal statute, a civil action brought in state court can be removed by a defendant to federal district court only where the federal court would have had jurisdiction of the action had it been brought originally in the federal court. 28 U.S.C. § 1441.  Clearly, there is no federal question jurisdiction over the municipal court case—a case where the City of Austin is enforcing a traffic citation—so Mr. Burditt cannot properly remove it to this Court.

In regard to the injunction Mr. Burditt seeks, while it is true that in some narrow circumstances, a defendant may seek to enjoin a pending state criminal matter in federal court, those circumstances are plainly not present here.  Thus, it is 'patently obvious' that Mr. Burditt could not prevail on the facts alleged, and his case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## IV.  CONCLUSION

Because it is "patently obvious" that Mr. Burditt's municipal court case may not be removed under § 1441, and because it is "patently obvious" that Mr. Burditt is not entitled to an injunction against the enforcement of a traffic citation, the undersigned recommends that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2).[1]

## V.  RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Darrel Burditt's case, cause number A-10-CA-444-SS, pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Generally, when there is an improper removal, the case is remanded back to state court.  In this situation, however, Mr. Burditt (who is proceeding pro se) filed this case in federal court seeking to, among other things, remove the municipal court case.  The municipal court case is presumably still pending, so remand is unnecessary, and the federal case should instead be dismissed.

## VI.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of July, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE